UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

       -v-                                                      S1 08 Cr. 523 (CM)

EDMUND BOYLE, *et al.*,

                            *Defendants.*
------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF
## EDMUND BOYLE AND THOMAS DONO'S PRETRIAL MOTIONS

                                                  MARC FERNICH, ESQ.
                                                  LAW OFFICE OF MARC FERNICH
                                                  152 W. 57th St., Fl. 24
                                                  New York, NY 10019
                                                  (212) 446-2346
                                                  maf@fernichlaw.com

                                                  MARTIN GEDULDIG, ESQ.
                                                  660 Old Country Rd.
                                                  Suite 320
                                                  Garden City, NY 11530
                                                  (516) 794-1219
                                                  geduldig@optonline.net

                                                  *Counsel for Defendant Edmund Boyle*

                                                  JEFFREY LICHTMAN, ESQ.
                                                  LAW OFFICES OF JEFFREY LICHTMAN
                                                  750 Lexington Ave., Fl. 15
                                                  New York, NY 10022
                                                  (212) 581-1001
                                                  jhl@jeffreylichtman.com

                                                  *Counsel for Defendant Thomas Dono*

`Case 1:08-cr-00523-CM   Document 39   Filed 04/24/09   Page 2 of 12`

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

STATEMENT ........................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

POINT I:

COUNT ONE MUST BE DISMISSED BECAUSE IT FAILS TO PLEAD A RICO CONSPIRACY VIOLATION AND IS BARRED BY THE STATUTE OF LIMITATIONS OR, ALTERNATIVELY, BECAUSE 18 U.S.C. § 1962(d) IS UNCONSTITUTIONALLY VAGUE AS APPLIED IN THIS CASE .............................. 2

POINT II:

COUNT TWO MUST BE DISMISSED BECAUSE THE VICAR STATUTE, 18 U.S.C. §1959, UNCONSTITUTIONALLY EXCEEDS CONGRESS'S COMMERCE POWER AS APPLIED IN THIS CASE .......................................................................... 6

POINT III:

COUNT THREE (OBSTRUCTION OF JUSTICE MURDER) FAILS TO ALLEGE AN 18 U.S.C. § 1512(a)(1)(C) VIOLATION AND MUST BE DISMISSED .................... 6

POINT IV:

DEFENDANTS BOYLE AND DONO RESPECTFULLY REQUEST LEAVE TO FILE FURTHER MOTIONS UPON THE RECEIPT OF ANY ADDITIONAL DISCOVERY MATERIALS .................................................................................. 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                   *Page*

*Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) .................................................................. 6

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989) .......................................................................... 2, 5

*Russell v. United States*, 369 U.S. 749 (1962) ..................................................................................... 1

*Salinas v. United States*, 552 U.S. 52 (1997) ................................................................................... 2, 3

*Sorich v. United States*, 129 S. Ct. 1308 (2009) .................................................................................. 5

*United States v. Camacho*, 939 F. Supp. 203 (S.D.N.Y. 1996) ........................................................... 1

*United States v. Carneglia*, No. 08-CR-76, 2009 WL 185727 (E.D.N.Y. Jan. 27, 2009) .......... 4, 5

*United States v. D'Amico, et al.*, 09 Cr. 62 (CM) (S.D.N.Y.) ............................................................. 3

*United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999) .............................................................................. 6

*United States v. Driver*, 535 F.3d 424 (6th Cir.), *cert. denied*, 129 S. Ct. 662 (2008) ................. 3, 5

*United States v. Fiander*, 547 F.3d 1036 (9th Cir. 2008) ................................................................... 5

*United States v. Garcia*, 68 F. Supp. 2d 802 (E.D. Mich. 1999) ........................................................ 6

*United States v. Hertular*, No. 07-1453-cr, _ F.3d _, 2009 WL 902345 (2d Cir. April 6, 2009) ... 6

*United States v. Lopez*, 372 F.3d 86 (2d Cir. 2004) ........................................................................ 6, 7

*United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006) .................................................................. 6

*United States v. Rogers*, 89 F.3d 1326 (7th Cir. 1996) ....................................................................... 2

*United States v. Russotti*, 717 F.2d 27 (2d Cir. 1983) ........................................................................ 4

*United States v. Solovey*, No. 04-CR-244S, 2005 WL 1279228 (W.D.N.Y. May 31, 2005) ......... 1

*United States v. Tocco*, 200 F.3d 401 (6th Cir. 2000) ......................................................................... 5

*United States v. Yannotti*, 541 F.3d 112 (2d Cir. 2008), *cert. denied*, No. 08-1062, _ S. Ct. _, 2009 WL 434826 (March 23, 2009) ............................................................................................ 2, 3, 4, 5

## **Statutes and Rules**

18 U.S.C. § 1512(a)(1)(C) .................................................................................................. 1, 6, 7

18 U.S.C. § 1512(b)(3) ............................................................................................................. 6

18 U.S.C. §1959 .................................................................................................................... 1, 6

18 U.S.C. §§ 1961(1), (5) ...................................................................................................... 2, 4

18 U.S.C. §§ 1962(c), (d) .................................................................................................*passim*

## **Other Authorities**

3 L. Sand, *et al.*, Modern Federal Jury Instructions – Criminal, Inst. 52-23 (Matthew Bender).... 2

Fifth Circuit Pattern Jury Instruction 2.78 ................................................................................ 2

M. Fernich, "Money Laundering After *Santos*: A Supreme Mess," 240 N.Y.L.J. 4, col. 3 (Oct. 17, 2008) ................................................................................................................................. 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

    -v-                                                    S1 08 Cr. 523 (CM)

EDMUND BOYLE, *et al.*,

                                  *Defendants.*
------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF
## EDMUND BOYLE AND THOMAS DONO'S PRETRIAL MOTIONS

### STATEMENT

Defendants Edmund Boyle and Thomas Dono, charged with racketeering conspiracy (18 U.S.C. § 1962(d)), murder in aid of racketeering (18 U.S.C. § 1959(a)(1)) and obstruction of justice murder (18 U.S.C. § 1512(a)(1)(C)), respectfully submit this memorandum in support of their joint pretrial motions. At the outset, Boyle and Dono join in all motions filed by codefendant Letterio DeCarlo. Specifically, and without limitation, they adopt DeCarlo's claims that (1) Count One of the indictment (RICO conspiracy) must be dismissed as impermissibly vague, providing inadequate notice to prepare a defense, *see, e.g., Russell v. U.S.*, 369 U.S. 749 (1962); *U.S. v. Solovey*, No. 04-CR-244S, 2005 WL 1279228 (W.D.N.Y. May 31, 2005); and (2) defendants are entitled to (a) a pretrial venue proffer as to Counts Two (VICAR) and Three (§ 1512 murder), *cf., e.g., U.S. v. Camacho*, 939 F. Supp. 203, 204-05 (S.D.N.Y. 1996) (Haight, J.), and (b) a bill of particulars. Dismissal is also warranted for the reasons that follow.

## ARGUMENT

### POINT I

**COUNT ONE MUST BE DISMISSED BECAUSE IT FAILS TO PLEAD A RICO CONSPIRACY VIOLATION AND IS BARRED BY THE STATUTE OF LIMITATIONS OR, ALTERNATIVELY, BECAUSE 18 U.S.C. § 1962(d) IS UNCONSTITUTIONALLY VAGUE AS APPLIED IN THIS CASE**

To violate 18 U.S.C. § 1962(d), a RICO "conspirator must intend to further an endeavor which, *if completed*, would satisfy all [] the elements of a substantive criminal offense," *Salinas v. U.S.*, 552 U.S. 52, 65 (1997) (emphasis supplied) – here, conducting an "enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. § 1962(c). *See U.S. v. Yannotti*, 541 F.3d 112, 121 (2d Cir. 2008) ("To establish a RICO conspiracy, the government must prove that a defendant agreed to participate in the affairs of the enterprise through a pattern of racketeering activity."), *cert. denied*, No. 08-1062, _ S. Ct. _, 2009 WL 434826 (March 23, 2009).

A § 1962(c) "pattern," in turn, requires that some individual – a RICO "person" – commit at least two related and continuous racketeering acts as defined in §§ 1961(1), (5) and *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989). *See, e.g.*, 3 L. Sand, *et al.*, Modern Federal Jury Instructions – Criminal, Inst. 52-23 (Matthew Bender) (government must prove "that the *defendant* engaged in a pattern of racketeering activity") (emphasis supplied); Fifth Circuit Pattern Jury Inst. 2.78 (explaining "pattern of racketeering activity in which the *defendant* allegedly engaged") (emphasis supplied); *cf. U.S. v. Rogers*, 89 F.3d 1326, 1337 (7th Cir. 1996) (recognizing that a "*single individual* may engage in a pattern of racketeering activity") (emphasis supplied).

2

Count One of this indictment does not allege that anyone engaged in conduct constituting a RICO pattern. Nor does it allege that defendants *agreed* that anyone would so engage. Instead, it charges blocs of generic criminal activity – acts and threats "involving" or "indictable" as murder, witness intimidation, stolen car and property offenses, extortion, gambling and loan sharking – committed by unidentified people in unspecified circumstances (no dates, places, victims, *etc.*) over an 18-year period. Indictment ¶¶ 11-12. Adding to the ambiguity, Count One further alleges that defendants "agreed that they and one or more of their co-conspirators" – as opposed to any single conspirator – would collectively "commit at least two [such] acts" between them. *Compare id.* ¶ 11 *with* indictment in *U.S. v. John D'Amico, et al.*, 09 Cr. 62 (CM) (S.D.N.Y.) ¶ 13 (defendant "agreed that *a conspirator* would commit at least two [predicate racketeering] acts") (emphasis supplied).

With no assertion that any "person" engaged in a "pattern of racketeering activity," 18 U.S.C. § 1962(c) – and no claimed agreement that any "person" would so engage – the charged conspiratorial "endeavor ..., *if completed*, would" *not* constitute a "substantive [RICO] offense." *Salinas*, 552 U.S. at 65 (emphasis supplied). Thus, because it fails to allege that defendants "intend[ed] to further" a cognizable § 1962(c) violation, *id.*, Count One does not charge a viable RICO conspiracy and must be dismissed as facially defective. *See, e.g., U.S. v. Driver*, 535 F.3d 424, 432 (6th Cir.) (§ 1962(d) conviction "can be sustained if there is evidence sufficient to prove [defendant] agreed that *someone* would commit two predicate acts"), *cert. denied*, 129 S. Ct. 662 (2008).[1]

---

[1] To the extent *Yannotti* suggests otherwise – that § 1962(d) requires only an agreement to participate in "a jointly undertaken pattern of racketeering activity," *see, e.g.*, 541 F.3d at 122-23, 129 & n.11 – it merely responds to the defense argument there: that the government failed to prove Yannotti's assent to the "broad pattern of racketeering activity" through which "he and others" (continued...)

3

This is no mere technical flaw. A § 1962(d) count that fails to specify any agreed-upon predicate acts – let alone their prospective dates and perpetrators – does not apprise defendants of the charge they must meet or allow them to frame a defense. It makes it impossible to determine whether any two acts were to be committed by any one individual, whether those acts would have been related and continuous, and whether they would otherwise suffice to form a pattern under § 1961 and *H.J.* It invites the government to amend or vary the agreed-upon acts at will, risking conviction for patterns different from those presented to the grand jury and without unanimity as to the acts allegedly contemplated. It permits successive prosecutions for the same pattern, as defendants cannot plead former jeopardy – a core purpose of a valid indictment – if they cannot identify the acts to whose commission they allegedly agreed. *See U.S. v. Russotti*, 717 F.2d 27 (2d Cir. 1983) (unit of prosecution for RICO conspiracy is pattern plus enterprise). And, most telling, it fails to allege any agreed-upon acts within the five-year limitations period – an independent basis for dismissal. *Cf., e.g., Yannotti*, 541 F.3d at 120, 123 ("charged predicate acts of securities fraud and construction industry extortion" showed "RICO conspiracy's continuation well into the limitations period"); *U.S. v. Carneglia*, No. 08-CR-76, 2009 WL 185727, at *3 (E.D.N.Y. Jan. 27, 2009) ("At least four timely racketeering acts alleged in count one [RICO conspiracy] involve the defendant and may support an argument against application of the five-year statute of limitations.").

---

[1](...continued)
allegedly agreed to "conduct the [enterprise's] affairs." *Id.* at 122-23. Yannotti did not raise, and the Second Circuit did not consider, our distinct claim here: the government must plead and prove an agreement that someone would commit at least two related and continuous predicate acts – *i.e.*, that someone would *personally* violate § 1962(c) through an *individual* pattern of racketeering – to establish a RICO conspiracy in circumstances like these. If *Yannotti* does *not* so require, then it is wrongly decided and should be reexamined.

4

This sort of nebulous, open-ended pleading is not what *Salinas*, or even *Yannotti*, had in mind. To the contrary, post-*Salinas* cases uniformly require, or at least assume, that RICO conspiracy indictments will continue to allege traditional patterns of racketeering in customary detail. *See, e.g., Yannotti*, 541 F.3d at 129 n.11 (noting that "the same predicate acts may be charged with respect to both substantive and RICO conspiracy counts"; explaining RICO conspiracy jury's inquiry as to "charged predicate acts"; and describing how jury must be "instructed as to predicate acts charged in RICO conspiracy") (citation omitted); *Driver*, 535 F.3d at 432 (insufficient evidence that defendant "agreed to the commission of any other predicate act *charged in the indictment*") (emphasis supplied); *U.S. v. Tocco*, 200 F.3d 401, 426 (6th Cir. 2000) (sufficient evidence defendant agreed to facilitate "substantive offenses charged") (citation and internal quotes omitted); *U.S. v. Fiander*, 547 F.3d 1036, 1042 (9th Cir. 2008) (indictment adequately alleged defendant agreed to facilitate "contraband cigarette trafficking"); *Carneglia*, 2009 WL 185727, at *1, *3 (RICO conspiracy count charging 18 specific racketeering acts).

And if the cases do *not* so require, then § 1962(d) is unconstitutionally vague as pled in this indictment, further compelling Count One's dismissal. *See, e.g., H.J.*, 492 U.S. at 255-56 (Scalia, J., joined by Rehnquist, C.J., and O'Connor and Kennedy, JJ., concurring in judgment); *Sorich v. U.S.*, 129 S. Ct. 1308 (2009) (Scalia, J., dissenting from *certiorari* denial); M. Fernich, "Money Laundering After *Santos*: A Supreme Mess," 240 N.Y.L.J. 4, col. 3 (Oct. 17, 2008).

## POINT II

### COUNT TWO MUST BE DISMISSED BECAUSE THE VICAR STATUTE, 18 U.S.C. § 1959, UNCONSTITUTIONALLY EXCEEDS CONGRESS'S COMMERCE POWER AS APPLIED IN THIS CASE

On the authority of *U.S. v. Garcia*, defendants contend that the "noncommercial" state law murder charged in Count Two of the indictment – a purely "local" crime with "no interstate connection whatsoever" – lacks the requisite "close and substantial" nexus to "interstate commerce." 68 F. Supp. 2d 802, 811-13 (E.D. Mich. 1999). Count Two therefore must be dismissed for want of federal jurisdiction. *See id.* at 811 (enterprise's "*de minimis* impact on interstate commerce" does not mean one can "bootstrap" a "local street crime into a federal capital offense").

## POINT III

### COUNT THREE (OBSTRUCTION OF JUSTICE MURDER) FAILS TO ALLEGE AN 18 U.S.C. § 1512(a)(1)(C) VIOLATION AND MUST BE DISMISSED

Count Three of the indictment does not allege that defendants had "'in contemplation any particular official proceeding in which the obstructed information might be material'" when they assertedly killed Frank Hydell. *U.S. v. Hertular*, No. 07-1453-cr, _ F.3d _, 2009 WL 902345, at *10 (2d Cir. April 6, 2009) (quoting *Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 708 (2005) and citing *U.S. v. Quattrone*, 441 F.3d 153, 180-81 (2d Cir. 2006) in construing identically worded[2] 18 U.S.C. § 1512(b)(3)) (brackets omitted). Without that essential element, Count Three fails to charge a cognizable § 1512(a)(1)(C) offense and also must be dismissed. *Cf. Diaz*, 176 F.3d at 91 (holding

---

[2]     *See U.S. v. Lopez*, 372 F.3d 86, 90 n.2 (2d Cir. 2004); *U.S. v. Diaz*, 176 F.3d 52, 91 (2d Cir. 1999).

6

that government must prove that a "communication[]" defendant allegedly "sought to prevent would have been with a federal officer") (citation and internal quotes omitted); *Lopez*, 372 F.3d at 91-92 (cataloging evidence that might meet this burden and reversing § 1512(a)(1)(C) conviction for failure to prove defendant killed victim "to prevent his communication to a federal law enforcement officer").

## POINT IV

**DEFENDANTS BOYLE AND DONO RESPECTFULLY REQUEST LEAVE TO FILE FURTHER MOTIONS UPON THE RECEIPT OF ANY ADDITIONAL DISCOVERY MATERIALS AND AS NECESSITATED BY THE SUPREME COURT'S FORTHCOMING DECISION IN *UNITED STATES V. BOYLE*, NO. 07-1309, 129 S.CT. 29 (2008) (MEM).**

## CONCLUSION

For the reasons urged here and by DeCarlo, defendants' pretrial motions should be granted in full.

Dated:   New York, New York
         April 24, 2009

                                        Respectfully submitted,

                                        **LAW OFFICE OF MARC FERNICH**

                                        _____
                                        **MARC FERNICH, ESQ.** (MF9819)
                                        152 W. 57th St., Fl. 24
                                        New York, NY 10019
                                        (212) 446-2346
                                        maf@fernichlaw.com

                                        **MARTIN GEDULDIG, ESQ.**
                                        660 Old Country Rd.
                                        Suite 320
                                        Garden City, NY 11530
                                        (516) 794-1219
                                        geduldig@optonline.net

                                        *Counsel for Defendant Edmund Boyle*

                                        _____
                                        **JEFFREY LICHTMAN, ESQ.** (JL6328)
                                        **LAW OFFICES OF JEFFREY LICHTMAN**
                                        750 Lexington Ave., Fl. 15
                                        New York, NY 10022
                                        (212) 581-1001
                                        jhl@jeffreylichtman.com

                                        *Counsel for Defendant Thomas Dono*