UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,     :

                                 :

       - v.-                 :

                                 :

EDMUND BOYLE,            :      S1 08 Cr. 523 (CM)

                                 :

         Defendant       .                 :

                                 :
------------------------------------------------------------x


## <u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>


 

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America


Jonathan B. New
John T. Zach
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA,           :

                                       :

               - v.-                   :

                                       :

EDMUND BOYLE                    :         S1 08 Cr. 523 (CM)

                                       :

                Defendant.        :

                                       :

-------------------------------------------------------------x

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

## TABLE OF CONTENTS

PAGE

1.    General Requests. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.    The Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3.    Summary of Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4.    Structure of Murder Charges:  Multiple Statutes and Theories of Liability. . . . . . . . . . . 6

5.    Count One: RICO Conspiracy (The Indictment and the Statute). . . . . . . . . . . . . . . . . . . 8

6.    Count One: The Law of Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7.    Count One: Elements of Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        First Element: Existence of Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        Second Element:  Membership in the Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . 12

            "Unlawfully," "Intentionally," and "Knowingly". . . . . . . . . . . . . . . . . . . 12

8.    Count One: Extent of Participation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

9.    Count One: RICO Conspiracy (The Elements). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10.   Count One: RICO Conspiracy (First Element: Existence Of The Enterprise). . . . . . . . . 17

11.   Count One: RICO Conspiracy (Second Element: Effect on Interstate Commerce) . . . . . 19

12.   Count One: RICO Conspiracy (Third Element: Association With The Enterprise). . . . . 20

13.   Count One: RICO Conspiracy (Fourth Element: Membership In the Conspiracy). . . . . . 22

14.   Count One: The Pattern of Racketeering Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

15.   Count One: Racketeering Conspiracy (Fourth Element: Racketeering Activity). . . . . . . 27

16.   Count One: Racketeering Conspiracy
        (Predicate Offense #1: Murder (New York Law)). . . . . . . . . . . . . . . . . . . . . . . . . . 28

17.   Count One: Racketeering Conspiracy
        (Predicate Offense #2: Witness Tampering) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

18.     Count One: Racketeering Conspiracy
        (Predicate Offense #3: Witness Retaliation) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

19.     Count One: Racketeering Conspiracy
        (Predicate Offense #4: Interstate Transportation of Stolen Property). . . . . . . . . 31

20.     Count One: Racketeering Conspiracy
        (Predicate Offense #5: Receipt or Sale of Stolen Property) . . . . . . . . . . . . . . . . 33

21.     Count One: Racketeering Conspiracy
        (Predicate Offense #6: Interstate Transportation of Stolen Vehicles) . . . . . . . . . 35

22.     Count One: Racketeering Conspiracy
        (Predicate Offense #7: Sale or Receipt of Stolen Vehicles) . . . . . . . . . . . . . . . . 36

23.     Count One: Racketeering Conspiracy
        (Predicate Offense #8: Trafficking in Motor Vehicles or Motor Vehicle Parts) . 37

24.     Count One: Racketeering Conspiracy
        (Predicate Offense #9: Extortion (New York Law)). . . . . . . . . . . . . . . . . . . . . . . 38

25.     Count One: Racketeering Conspiracy
        (Predicate Offense #9: Extortion (Federal Law)). . . . . . . . . . . . . . . . . . . . . . . . . 40

        First Element: Taking or Obtaining of Property. . . . . . . . . . . . . . . . . . . . . . . . . . 40

        Second Element: Consent Compelled. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

        Third Element: Interstate or Foreign Commerce. . . . . . . . . . . . . . . . . . . . . . . . . 43

        Extortion Conspiracy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

26.     Count One: Racketeering Conspiracy
        (Predicate Offense #10: Gambling. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

        Illegal Gambling Under New York Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

        Illegal Gambling Under Federal Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

27.     Count One: Racketeering Conspiracy
        (Predicate Offense #11: Extension and Collection of Extortionate
        Credit (Federal Law)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

28.     Count Two: Murder in Aid Of Racketeering Activity

(The Indictment and the Statute). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

29.    Count Two: Murder in Aid Of Racketeering Activity (The Elements). . . . . . . . . . . . . . 52

30.    Count Two: Murder in Aid Of Racketeering Activity (First Element: The Crime).  . . . . 53

31.    Count Two: Murder in Aid Of Racketeering Activity (Second Element: Existence
       of a Racketeering Enterprise). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

32.    Count Two: Murder in Aid Of Racketeering Activity (Third Element: Gaining
       Entrance To, Maintaining, or Increasing Position in the Enterprise). . . . . . . . . . 55

33.    Count Three: Witness Tampering. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

34.    Count Three: Witness Tampering (Purpose of Statute). . . . . . . . . . . . . . . . . . . . . . . . 58

35.    Count Three: Witness Tampering (Elements). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

36.    Count Three: Witness Tampering (First and Second Elements). . . . . . . . . . . . . . . . . . 60

37.    Count Three: Witness Tampering (Victim). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

38.    Counts Two and Three: Aiding and Abetting Liability. . . . . . . . . . . . . . . . . . . . . . . . . 63

39.    Venue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

40.    Time of Offense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

41.    Cooperating Witness Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

42.    Defendant's Right Not to Testify [If Applicable]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

43.    Law Enforcement and Government Employee Witnesses. . . . . . . . . . . . . . . . . . . . . . . 73

44.    Expert Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

45.    Limiting Instruction: Prior Convictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

46.    Prior Trials [If Applicable]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

47.    Use of Recordings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

48.    Transcripts Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

49.     Persons Not On Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79

50.     Preparation of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

51.     Particular Investigative Techniques Not Required . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

52.     Stipulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

53.     Sympathy: Oath as Jurors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

54.     Punishment Not to be Considered by the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

55.     Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.     Function Of Court And Jury.

b.     Indictment Not Evidence.

c.     Statements Of Court And Counsel Not Evidence.

d.     Burden Of Proof And Presumption Of Innocence.

e.     Reasonable Doubt.

f.     Government Treated Like Any Other Party.

g.     Definitions, Explanations, And Example Of Direct And Circumstantial Evidence.

h.     Inferences.

i.     Credibility Of Witnesses.

j.     Right to See Exhibits And Have Testimony Read During Deliberations.

k.     Sympathy:  Oath Of Jurors.

l.     Punishment Is Not To Be Considered By The Jury.

m.     Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendant, EDMUND BOYLE, has been formally charged in what is called an Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption, and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains three counts or "charges."  Specifically, Count One of the Indictment charges that, from in or about the early 1990s, up through in or about December 15, 2008, the defendant, EDMUND BOYLE, conspired or agreed with members and associates of the Gambino Organized Crime Family of La Cosa Nostra to participate in the affairs of the Gambino Organized Crime Family through what is called a "pattern of racketeering activity.  I will hereafter refer to Count One as the "RICO conspiracy" count.

Count Two charges the defendant, EDMUND BOYLE, with  murdering or aiding and abetting the murder of Francis Hydell in aid of racketeering on or about April 28, 1998.

Count Three charges the defendant, EDMUND BOYLE, with murdering or aiding and abetting the murder of Frank Hydell with the intent to prevent the attendance and testimony of Hydell in an official proceeding or to prevent the communication by Hydell to a law enforcement officer of information relating to the commission or possible commission of a federal offense.

You must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count.  Whether you find the defendant guilty or not guilty as to one count should not affect your verdict as to any other count.

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by the evidence.

4

Hon. Leonard B. Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6.
Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571
(MBM), <u>aff'd</u> <u>mem.</u>, 990 F.2d 622 (2d Cir. 1993).

**REQUEST NO. 4**

**Structure of Murder Charges - Multiple Statutes**

**and Theories of Liability**

A few observations are in order following my summary of the Indictment. As you probably could tell from the summary, the Indictment contains several charges.

Let me make these observations about the murder charges in particular. As it is entitled to do, the Government has brought these charges under more than one criminal statute, and therefore you might say under more than one theory of criminal liability. A consequence of the Indictment containing charges brought under multiple statutes is that you will need to be instructed on the legal elements and principles applicable to each statute and theory of liability.

Unless I instruct you otherwise, you will need to consider each charge, including each murder charge, and determine whether the Government has carried its burden of proof with respect to that charge. I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form. To do so, you will need to keep track during your deliberations of which charge you are considering, and, even more specifically, the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses. I will provide you with all relevant definitions and all relevant legal principles. In other words, I will provide you with the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. You also will have a copy of my instructions.

6

I make these observations to ensure that you understand the structure of the charges against the defendant and your obligation to consider each of the charges separately and under each statute and theory of liability alleged in the Indictment.

Cf. United States v. Pimentel, 346 F.3d 285, 302-05 (2d Cir. 2003) (stressing the importance of District Courts defining the elements of each racketeering act alleged within a broader RICO charge); see also United States v. Carillo, 229 F.3d 177, 183-84 (2d Cir. 2000) (same).

**REQUEST NO. 5**

**Count One:  RICO Conspiracy**

**The Indictment and the Statute**

Count One of the Indictment charges that the defendant, EDMUND BOYLE, and others known and unknown, conspired to violate Section 1962(d) of Title 18 of the United States Code of the federal racketeering laws, which are commonly referred to as "RICO."  Let me stop here and note that the words "racketeer" and "racketeering" have certain implications in our society.  However, use of that term in this statute and this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven.  The term is only a term used by Congress to describe the statute.

Adapted from Sand, <u>Model Federal Jury Instructions</u>, 52.02.

## REQUEST NO. 6

### Count One:  The Law of Conspiracy

I will now instruct you on the law of conspiracy, which applies to the conspiracy charged in Count One.

Title 18, United States Code, Section 1962(c), makes it a Federal crime for anyone who is associated with any "enterprise" engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a "pattern of racketeering activity" or through the "collection of an unlawful debt."

The defendant is not charged in Count One with violating Section 1962(c); rather, he is charged with knowingly and willfully <u>conspiring</u> with others to violate those laws, the alleged conspiracy itself being a separate crime or offense in violation of Title 18, United States Code, Section 1962(d).

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to join together to accomplish some unlawful purpose.  The crime of conspiracy — or agreement — to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as a "substantive crimes."  Indeed, you may find the defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the charged conspiracy were never actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

## REQUEST NO. 7

### Count One:  Elements of Conspiracy

To sustain its burden of proof with respect to Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First: the existence of the conspiracy charged in Count One of the Indictment; that is, the existence of any agreement or understanding to commit the unlawful objects of the charged conspiracy.  The first element then is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy, with intent to further its illegal purposes — that is, with the intent to commit the objects of the charged conspiracy.

Now, let's separately discuss each of these elements.

### First Element – Existence of Conspiracy

To satisfy the first element of a conspiracy — namely, to show that the conspiracy existed — the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan.  If you find beyond a reasonable doubt that two or more persons came to

10

an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy.  In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence.  The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.  On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One of the Indictment.  It is sufficient to establish the existence of the conspiracy, as I've already said, if you find beyond a reasonable doubt, from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, the object of the conspiracy.

11

The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve.  As I have mentioned, the conspiracy charged in Count One had the object of conducting and participating in the affairs of the Genovese Organized Crime Family through a pattern of racketeering activity.

### Second Element – Membership in the Conspiracy

The second element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy charged in Count One of the Indictment is that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves:  Who were the members of that conspiracy?  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant willfully and voluntarily joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objects?

### "Unlawfully," "Intentionally," and "Knowingly"

The terms "unlawfully," "willfully," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy, if you find that the defendant joined the conspiracy, he knew what he was doing and that he did it deliberately and voluntarily.

"Unlawfully" means simply contrary to law.  The defendant need not have known that he was breaking any particular law or any particular rule.  He needs only to have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

12

To satisfy its burden of proof that the defendant unlawfully, intentionally, and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond a reasonable doubt that the defendant knew that he was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake.

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he is thinking. However, you do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence. A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

13

## REQUEST NO. 8

### Count One:  Extent of Participation

The extent of the defendant's participation in the conspiracy charged in Count One has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time in its progress, and he may still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member, as long as you find that he joined the conspiracy with knowledge as to its general scope and purpose.  Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself.  Mere similarity of conduct or the fact that the defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.  I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have

14

participated with knowledge of at least some of the purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the defendant any acts or statements made by any of his co-conspirators, even though such acts or statements were not made in the presence of that defendant or were made without his knowledge.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

Adapted from United States v. Tone Grant, 05 Cr. 1192 (NRB); United States v. Angelo Nicosia, 07 Cr. 907 (SAS); United States v. Xiang Chen, 02 Cr. 300 (LAK).

**REQUEST NO. 9**

**Count One:  RICO Conspiracy**

**The Elements**

Having instructed you generally on the law of conspiracy,  I will now provide you with additional instructions specific to a violation of Section 1962(c), the object of the racketeering conspiracy charged in Count One of the Indictment.

In order to find that the defendant has conspired to violate Section 1962(c) through a pattern of racketeering activity, as charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the enterprise alleged in the Indictment existed;

Second, that the enterprise affected interstate or foreign commerce;

Third, that the defendant was employed by or associated with the enterprise; and

Fourth, that the defendant knowingly and willfully became a member of the conspiracy; in other words, that the defendant knowingly and willfully conspired with at least one other person to participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity.

See Sand et al., Modern Federal Jury Instructions, Instr. 52-28 (2000).

16

## REQUEST NO. 10

### Count One: RICO Conspiracy

### First Element -- Existence Of The Enterprise

The first element the Government must prove beyond a reasonable doubt with respect to Count One is that the enterprise alleged in the Indictment existed.

Such an enterprise under the statute does not have to have a particular name, or for that matter, have any name at all.  Nor must it be registered or licensed as an enterprise.  It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like.

The statute makes clear that the enterprise may be, and I am quoting, "a group of individuals [who are] associated in fact although not a legal entity."

Thus, the enterprise may be a group of people informally associated together for a common purpose of engaging in a course of conduct.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.  In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit.  Furthermore, the enterprise must continue to exist in substantially similar form through the period charged.  This does not mean that the membership must remain exactly identical, but the enterprise must have a recognizable core that continues during a substantial time period within the time frame charged in the Indictment.

Here, the enterprise alleged in the Indictment to have existed is comprised of members and associates of the Gambino Organized Crime Family of La Cosa Nostra, which is described in Count One of the Indictment as follows:

> *[The Court is respectfully requested to read or refer to paragraphs 1 through 7 and 9 through 10 of the Indictment.]*

In summary, if you find that there was, in fact, a group of people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal organization or structure, and (3) core personnel who function as a continuing unit during a substantial time period within the time frame charged in the Indictment, then you may find that an enterprise existed.

> Sand et al., Modern Federal Jury Instructions, Instr. 52-22.  See
> also charge of Judge Robert P. Patterson in United States v.
> Perrone, 05 Cr. 774 (RPP); and Judge Pierre N. Leval in United
> States v. Espinal, 91 Cr. 310 (S.D.N.Y. 1991), aff'd, 981 F.2d 664
> (2d Cir. 1992).

## REQUEST NO. 11

### Count One:  RICO Conspiracy

### Second Element -- Effect on Interstate Commerce

The second element the Government must prove beyond a reasonable doubt with respect to Count One, the RICO Conspiracy is that the enterprise was engaged in or had an effect upon interstate or foreign commerce.  Interstate commerce includes the movement of goods, services, money, and individuals between states.

The Government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce.  All that is necessary is that the enterprise, or a proven racketeering act through which the affairs of the enterprise were conducted, affected interstate or foreign commerce in some minimal way.  The effect need not be substantial; even a minimal effect is enough.  Nor is it necessary that the effect on interstate commerce have been adverse.  It is not necessary to prove that the acts of the defendant affected interstate commerce as long as the acts of the enterprise itself had such an effect.  Finally, the Government is not required to prove that the defendant knew he was affecting interstate commerce.  All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise affected interstate or foreign commerce in some minimal way.

Adapted from charge of Judge Robert P. Patterson in <u>United States v. Perrone</u>, 05 Cr. 774 (RPP).

## REQUEST NO. 12

### Count One:  RICO Conspiracy

### Third Element -- Association With The Enterprise

The third element the Government must prove beyond a reasonable doubt with respect to Count One, the RICO Conspiracy, is that the defendant, EDMUND BOYLE, was associated with or was employed by the enterprise.  Here, the defendant is alleged to have been a an associate of the Gambino Organized Crime Family.  It is not required that the defendant have been associated with or employed by the enterprise for the entire time that the enterprise existed. It is required, however, that the Government prove beyond a reasonable doubt that at <u>some</u> time during the period indicated in the Indictment, the defendant was associated with or was employed by the enterprise.

The Government must also show that the defendant's association with the enterprise was knowing — that is, made with knowledge of the existence of the enterprise through a general awareness of some of its purposes, activities, and personnel.  A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities.  Thus, in order to prove this element, the Government must prove, beyond a reasonable doubt, that the defendant was connected to the enterprise

in some meaningful way, and that the defendant knew of the existence of the enterprise and of

the general nature of its activities.

> Adapted from the charge of Judge Robert P. Patterson in <u>United States</u> v. <u>Perrone</u>, 05 Cr. 774 (RPP); and Judge Pierre N. Leval in <u>United States</u> v. <u>Espinal</u>, 91 Cr. 310 (S.D.N.Y. 1991), <u>aff'd</u>, 981 F.2d 664 (2d Cir. 1992).  <u>See also</u> Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 52-24.

## REQUEST NO. 13

### Count One:  RICO Conspiracy

### Fourth Element -- Membership In the Conspiracy

The fourth element the Government must prove beyond a reasonable doubt with respect to Count One, the RICO Conspiracy, is that the defendant, EDMUND BOYLE, knowingly and willfully became a member of the conspiracy.  In order to meet its burden of proof, the Government must show that the defendant agreed to participate, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity.

A pattern of racketeering activity requires the commission of at least two related acts of racketeering within ten years, excluding time spent by the defendant in prison.  I will describe those acts to you in a moment.

The two acts forming the pattern of racketeering may not be isolated or disconnected but must be related to each other by a common scheme, plan, or motive.  The two acts must also amount to, or pose a threat of, continued criminal activity.  In determining whether the acts constitute a "pattern," you may consider whether the acts were closely related in time, whether the acts shared common victims or common goals, whether the acts shared a similarity of participants, or whether they shared a similarity of methods.  If the same act was repeated more than once, you may also consider this as evidence that the acts were part of a "pattern."

The focus of this element is on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts.  To prove the defendant's agreement, the Government need not prove that the defendant actually committed or agreed to commit any of the charged racketeering activities, as long as the Government proves that he

22

participated in some manner in the overall objective of the conspiracy.

Stated another way, for purposes of the charged RICO conspiracy, the

Government does not have to prove that the defendant himself committed any of charged

offenses or acts.  The Government only has to prove that the defendant entered into the charged

RICO conspiracy, and participated in the conspiracy, knowing that he, or any of his co-

conspirators, would commit two or more of the charged acts or offenses.

> See United States v. Yannotti, 541 F.2d 112, 122 n. 11 (2d Cir.
> 2008; Salinas, 522 U.S. at 64, 118 S.Ct. 469;  see also L. Sand, et
> al. Modern Federal Jury Instructions, (Criminal) Inst. 52-32 (2000)
> (providing that jury be instructed as to predicate acts charged in
> RICO conspiracy: "Again, the government must prove that two of
> these acts were, or were intended to be, committed as part of the
> conspiracy, although it need not prove that defendant committed or
> agreed to commit any of these acts as long as the government
> proves that defendant participated in some manner in the overall
> objective of the conspiracy.")

## REQUEST NO. 14

### Count One:  The Pattern of Racketeering Activity

For the purposes of this count, the Indictment alleges that the following eleven categories of acts and offenses were committed, or were intended to be committed, as part of the conspiracy:          :

(1)       Murder, Attempted Murder, and Conspiracy to Commit Murder, in violation of New York Penal Law Articles 125, 110 and 105;

(2)       Tampering with Witnesses, Victims or Informants, in violation of Title 18, United States Code, Sections1512;

(3)       Retaliating Against Witnesses, Victims or Informants, in violation of Title 18, United States Code, Sections1513;

(4)       Interstate Transportation of Stolen Property/Money, in violation of Title 18, United States Code, Section 2314;

(5)       Receipt of Stolen Property/Money, in violation of Title 18, United States Code, Section 2315;

(6)       Interstate transportation of Stolen Vehicles in violation of Title 18, United States Code, Section 2312;

(7)       Sale or Receipt of Stolen Vehicles in violation of Title 18, United States Code, Section 2313;

(8)       Trafficking in motor vehicles or motor vehicle parts, in violation of Title 18, United States Code, Section 2321;

(9)       Extortion, Attempted Extortion, and Conspiracy to Commit Extortion, in violation of New York Penal Law Articles 155, 110 and 105, and in violation of Title 18,

24

United States Code Section 1951 ;

(10)    Operation of an Illegal Gambling Business, in violation of New York

Penal Law, Article 225, and Title 18, United States Code, Section 1955;

(11)    Making Extortionate Extensions of Credit, in violation of Title 18,

United States Code, Section 892; and Collection of Extensions of Credit by Extortionate Means,

in violation of Title 18, United States Code, Section 894;

* * *

Again, the Government must prove that two of these acts and offenses were

committed, or were intended to be committed, as part of the charged RICO conspiracy.  The

Government need not prove that the defendant himself committed or agreed to commit any of

these acts or offenses, so long as the Government proves that the defendant participated in some

manner in the overall objective of the conspiracy.

You also will note that, for some of the charged categories of predicate offenses,

the Indictment charges a violation of more than one specific law.  For example, one of the

charged categories of predicate offenses includes the violation of federal gambling law, as well as

New York state gambling law.  I instruct you that, in order to find a that a given predicate offense

was in fact an object of the charged RICO conspiracy, you need not find that the object of the

conspiracy involved violation of both statutes; rather, you need only find that the object of the

conspiracy involved the violation of at least one of the specified statutes.  You must, however, be

unanimous as to which of the statutory violations, if any, were the object of the charged

conspiracy.

See Sand et al., Modern Federal Jury Instructions, Instr. 52-32; United States v.
Yannotti, 541 F.2d 112, 122 (2d Cir. 2008) (stating that "to establish this pattern,

the government need not prove that the defendant himself agreed that he would commit two or more predicate acts...," and noting that, although the RICO statute "broadened conspiracy coverage by omitting the requirement of an overt act; it did not, at the same time, work the radical change of requiring the government to prove [that] each conspirator agreed that he would be the one to commit two predicate acts."); id. At 129 n.11 ("to prove a defendant's membership in the agreement, the government need not prove that the defendant committed or agreed to commit any of the charged predicate acts as long as the government proves that he participated in some manner in the overall objective of the conspiracy"). Salinas v. United States, 522 U.S. 52, 64 (1997) (stating common law-principle "that, so long as they share a common purpose, conspirators are liable for the acts of their co-conspirators").

See Sand et al., Modern Federal Jury Instructions, Instr. 52-32; United States v. Yannotti, 541 F.2d 112, 122 (2d Cir. 2008) (stating that "to establish this pattern, the government need not prove that the defendant himself agreed that he would commit two or more predicate acts...," and noting that, although the RICO statute "broadened conspiracy coverage by omitting the requirement of an overt act; it did not, at the same time, work the radical change of requiring the government to prove [that] each conspirator agreed that he would be the one to commit two predicate acts."); id. At 129 n.11 ("to prove a defendant's membership in the agreement, the government need not prove that the defendant committed or agreed to commit any of the charged predicate acts as long as the government proves that he participated in some manner in the overall objective of the conspiracy"). Salinas v. United States, 522 U.S. 52, 64 (1997) (stating common law-principle "that, so long as they share a common purpose, conspirators are liable for the acts of their co-conspirators").

### REQUEST NO. 15

### Count One:  Racketeering Conspiracy

### Fourth Element: Racketeering Activity

I will now instruct you on the definition of each "predicate offense"that Count One of the Indictment alleges composes a pattern of racketeering activity.  I remind you that a "pattern of racketeering activity" requires that the defendant agreed to personally commit, or intended that some other member of the racketeering conspiracy would commit, at least two related acts of racketeering within ten years, excluding time spent by the defendant in prison.  In order to return a guilty verdict, you must be unanimous as to which two (or more) related acts of racketeering within ten years were committed to constitute the charged pattern of racketeering activity.

## REQUEST NO. 16

### Count One:  Racketeering Conspiracy

### Predicate Offense #1:  Murder (New York Law)

The defendant, EDMUND BOYLE, is charged with racketeering activity involving murder, attempted murder, and conspiracy to commit murder, under the laws of the State of New York.

New York Penal Law Section 125.25 provides, in pertinent part, that "a person commits murder in the second degree when with intent to cause the death of another person, he causes the death of such person or of a third person."

The elements of this crime are:

First, that the defendant intended to kill another person; and

Second, that in accordance with that intent, the defendant caused the death of that person.

Under the murder statute, a person intends to cause the death of another person when his conscious objective is to cause the death of that person.

Under New York Penal Law Section 110.00, a person is guilty of an attempt to commit a crime when "with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime."

Under New York Penal Law Section 105.15, a person is guilty of conspiracy to commit murderwhen "with intent that [murder be committed], he agrees with one or more persons to engage in or cause the performance of such conduct.

28

## REQUEST NO. 17

### Count One:  Racketeering Conspiracy

### Predicate Offense # 2: Witness Tampering

The defendant, EDMUND BOYLE, is charged in Count One with racketeering activity involving tampering with a witness, victim or informant in violation of Title 18, United States Code, Section 1512.

The elements of this crime are:

First, that on or about April 28, 1998, the defendant killed or aided and abetted others in the killing of Frank Hydell.

Second, that the defendant did so knowingly and with intent to: (a) prevent the attendance or testimony of Frank Hydell in an official proceeding; or (b) prevent Frank Hydell from communicating to a law enforcement officer or a judge of the United States information relating to the commission or possible commission of a Federal offense.

I will instruct you further on the elements of this crime when I discuss Count Three of the Indictment.

Adapted from United States v. Romero, 54 F.3d 56, 61-62 (2d Cir. 1995); United States v. Gonzalez, 922 F.2d 1044, 1055-56 (2d Cir.), cert. denied, 502 U.S. 1014 (1991); United States v. Edwards, 36 F.3d 639, 645 (7th Cir. 1994); United States v. Leisure, 844 F.2d 1347, 1364 (8th Cir. 1988).

29

## REQUEST NO. 18

### Count One:  Racketeering Conspiracy

### Predicate Offense # 3: Witness Retaliation

The defendant, EDMUND BOYLE, is charged in Count One with racketeering activity involving retaliation against a witnesses, victims or informants, in violation of Title 18, United States Code, Sections1513:

The elements of this crime are:

First, that on or about April 28, 1998, the defendant killed or aided and abetted others in the killing of Frank Hydell.

Second, that the defendant did so knowingly and with specific intent to retaliate against Frank Hydell for his attendance as a witness at an official federal proceeding or for his providing information to a law enforcement officer relating to the commission of a federal offense.

Adapted from United States v. Romero, 54 F.3d 56, 61-62 (2d Cir. 1995); United States v. Gonzalez, 922 F.2d 1044, 1055-56 (2d Cir.), cert. denied, 502 U.S. 1014 (1991); United States v. Edwards, 36 F.3d 639, 645 (7th Cir. 1994); United States v. Leisure, 844 F.2d 1347, 1364 (8th Cir. 1988).

## REQUEST NO. 19

### Count One:  Racketeering Conspiracy

### Predicate Offense  #4: Interstate Transportation of Stolen Property

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving interstate transportation of stolen property,  in violation of federal law.

The relevant law provides in pertinent part:

> Whoever transports, transmits or transfers in interstate . . .
> commerce any goods . . . or money, of the value of $5,000 or more,
> knowing the same to have been stolen, . . . shall [be guilty of a
> crime].

The elements of this crime are:

First, that the property was stolen;

Second, that on or about the dates charged, the defendant transported, transmitted, or transferred the property, or caused the property to be transported, transmitted, or transferred, in interstate commerce;

Third, the defendant acted unlawfully, intentionally, and knowingly; and

Fourth, that the value of the property was $5,000 or more.

With respect to the first element, the Government must prove that the defendant knew or believed the property in question to be stolen.

In deciding whether the defendant believed the property to be stolen at the time it was transported between states, you must focus on his actual state of mind at that time.  Even if you find that a prudent person would have believed that the property was stolen at the time of its

31

interstate transport, if you find that the defendant did not so believe, then you cannot find that defendant guilty.

With respect to the second element, the phrase "transports, transmits or transfers in interstate commerce," means carrying or sending, or causing to be carried or sent, goods, wares, merchandise, securities or money from one state to another.  The defendant need not have intended or known of the property's transport in interstate commerce.  Nor is it required that the defendant actually have physically transported the property across state lines or out of the United States.  The Government satisfies its burden of proving transportation in interstate or foreign commerce if it proves beyond a reasonable doubt that the defendant willfully caused the property's transport or aided and abetted in the transport of the property across state lines or out of the United States.

With respect to the third element, I have previously described the meaning of unlawfully, willfully and knowingly.  I will instruct you later on aiding and abetting liability.

The fourth element of the offense requires that the Government prove beyond a reasonable doubt that the property had a value of $5,000 or more.  If you find that the aggregate value of the property is less than $5,000, then you must find the defendant not guilty of that count.  If, on the other hand, you find that the aggregate value referred to in a particular count is greater than $5,000, then this element is satisfied.

See Title 18, United States Code, Sections 2314 and 21; Sand,
Model Instructions, 54.

## REQUEST NO. 20

### Count One:  Racketeering Conspiracy

### Predicate Offense  # 5:  Receipt or Sale of Stolen Property

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving the receipt or sale of stolen property,  in violation of federal law.

> The relevant law provides in pertinent part:
> Whoever receives, possesses . . . [or] sells, any goods . . . or money
> of the value of $5,000 or more, which have crossed a State . . .
> boundary after being stolen, shall be guilty of a crime.

The elements of this crime are::

<u>First</u>, that the property was stolen;

<u>Second</u>, that the defendant received, possessed, or sold the property;

<u>Third</u>, that the property moved in, or was a part of, interstate commerce;

<u>Fourth</u>, that the defendant acted unlawfully, intentionally, and knowingly; and

<u>Fifth</u>, that the value of the property was $5,000 or more.

As I have just instructed you, you must determine whether the defendant received, possessed or sold the property, or aided and abetted in its receipt, possession or sale.  It is not necessary that the Government prove that the defendant performed all of those actions with respect to the property.  The Government satisfies its burden of proving unlawful receipt or sale of property if it proves beyond a reasonable doubt that the defendant engaged in any of these actions with respect to the property.   However, I emphasize that you may not find the defendant guilty unless you agree, unanimously, that one particular action, or type of action, was taken. You must all believe that the defendant performed at least one specific action, or type of action, with respect to the property in order to find the defendant guilty.

33

I have previously described the requirement that the offense involved interstate commerce, and that the value of the property was $5,000 or more.  I also have previously described the meaning of the terms "unlawfully, willfully, and knowingly."  You are to follow those instructions here as well.

> See Title 18, United States Code, Sections 2315 and
> 21. See also Sand, Model Instructions, 54.

34

## REQUEST NO. 21

### Count One:  Racketeering Conspiracy

### Predicate Offense  # 6: Interstate Transportation of Stolen Vehicles

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving the receipt or sale of stolen property,  in violation of federal law.

The elements of this crime are:

First, that the vehicle at issue was stolen.

Second, that the defendant transported the vehicle in interstate commerce, or caused it to be transported.

Third, that at the time of the transportation, the defendant knew the vehicle was stolen.

 If you find that a person shipped or caused to be shipped a vehicle from one state to another state, then you may, find that the vehicle traveled in interstate commerce.   The defendant need not have intended or known of the vehicle's transportation in interstate or foreign commerce.  You do not have to decide whether the defendant actually physically drove the vehicle across state lines.  The Government satisfies its burden of proving transportation in interstate commerce, if it proves beyond a reasonable doubt that the defendant caused the vehicle's transportation across state lines or performed a substantial step in furtherance of its interstate journey.

> Adapted from the charge of Judge Denny Chin in United States v. Boakye, 00 Cr. 695 (S.D.N.Y. 2001) (DC); See also Sand, Model Instructions, 54-3.

**REQUEST NO. 22**

**Count One:  Racketeering Conspiracy**

**Predicate Offense  # 7: Sale or Receipt of Stolen Vehicles**

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving the sale or receipt of stolen vehicles,  in violation of federal law.

The elements of this crime are:

First, that the vehicle at issue was stolen;

Second, that the defendant received, possessed, concealed, stored, bartered, sold or disposed of the vehicle;

Third, that the vehicle crossed a state or United States boundary after being stolen or had moved in, or constituted a part of, interstate commerce;

Fourth, that the defendant knew the vehicle had been stolen.

As I previously instructed you, the defendant need not have intended or known of the vehicle's transportation in interstate or foreign commerce.  Nor is it necessary that the defendant actually, physically have driven the vehicle across state lines.  The Government satisfies its burden of proving movement in interstate commerce, if it proves beyond a reasonable doubt that the vehicle crossed a state line of that the defendant sold or received the vehicle while it was still moving in interstate commerce.


See  Sand, Model Instructions, 54-11.

REQUEST NO. 23

**Count One:  Racketeering Conspiracy**

**Predicate Offense  # 8: Trafficking in Motor Vehicles or Motor Vehicle Parts**

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering

activity involving the trafficking in motor vehicles or motor vehicle parts,  in violation of federal

law.

The elements of this crime are:

First, that the defendant bought received, possessed, or obtained possession or effective

control over a motor vehicle or motor vehicle part;

Second, that the defendant had the intent to sell or otherwise dispose of such motor

vehicle or motor vehicle part; and

Third, that the defendant knew that the identification numbers for the motor vehicle parts,

the so-called VIN numbers,  had been removed, obliterated, tampered with or altered.

The government need not prove that the defendant had physical possession of the stolen

motor vehicle parts or that he personally removed or obliterated the identification numbers.  It is

sufficient that the defendant have both the ability and intent to exercise substantial control over

the motor vehicle parts and that he knew that the identification numbers had been removed or

obliterated.

> See Title 18, United States Code, Sections 2321; and adapted from
> from the charge of the Hon. Jed S. Rakoff in United States v.
> Giovanelli, 01 Cr. 749 (JSR) (S.D.N.Y. 2004).

**REQUEST NO. 24**

**Count One:  Racketeering Conspiracy**

**Predicate Offense  # 9: Extortion (New York Law)**

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving acts of extortion, attempted extortion, and conspiracy to commit extortion, under the law of the State of New York.

New York Penal Law Section 155.25 provides, in relevant part, that "A person is guilty of petit larceny when he steals property."

The elements of this crime are:

<u>First</u>, that the defendant took, obtained, or withheld property;

<u>Second</u>, that the defendant took, obtained, or withheld such property from a person, and that the person was an owner thereof;

<u>Third</u>, that the defendant took, obtained, or withheld such property from the owner wrongfully;

<u>Fourth</u>, that the defendant was aware that such taking, obtaining, or withholding was wrongful; and

<u>Fifth</u>, that the defendant took, obtained, or withheld such property with intent to deprive another of such property or to appropriate the same to himself or to a third person.

New York Penal Law Section 155.40 provides, in relevant part, that:

A person is guilty of grand larceny in the second degree when he steals property and when . . . the property, regardless of its nature and value, is obtained by extortion committed by instilling in the victim a fear that the actor or another person (a) cause physical injury to some person in the future, or (b) cause damage to property.

38

The elements of this crime are the same as for petit larceny, which I just described, except that, in order to prove a violation of New York Penal Law Section 155.40, the Government also must prove that the defendant obtained such property by compelling or inducing such person to deliver such property to himself or to a third person by means of instilling a fear that, if such property was not so delivered, the actor or another would cause physical injury to some person, or damage to property, in the future.

I have previously defined conspiracy under New York Penal Law Section 105.15, and attempt under New York Penal Law Section 110.00.  You should continue to apply those definitions here.

<u>See</u> N.Y. Penal Law §§ 155.25, 155.40, 110.00 and 105.15; New York Model Criminal Jury Charges

**REQUEST NO. 25**

**Count One:  Racketeering Conspiracy**

**Predicate Offense  # 9: Extortion (Federal Law)**

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving acts of extortion, attempted extortion, and conspiracy to commit extortion, under federal law.

The federal extortion statute provides, in relevant part, as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by . . . extortion[,] or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section [is guilty of a crime].

The elements of the substantive crime of extortion are these:

First, that a person obtained or took the personal property of another person, or from the presence of another person;

Second, that the property was taken with the other person's consent, but that the consent was compelled by the wrongful use of actual or threatened force, violence, or fear of injury or economic harm, whether immediate or in the future; and

Third, that the taking affected, or potentially affected, interstate or foreign commerce.

> Adapted from the Court's charge in United States v. Xiang Chen, 02 Cr. 300 (LAK) (Kaplan, J.), Tr. at 449, and Sand, Modern Federal Jury Instructions, Instr. 50-10; United States v. Buffey, 899 F.2d 1402 (4th Cir. 1990).

40

**First Element – Taking or Obtaining of Property**

The first element the Government must prove beyond a reasonable doubt to prove the substantive crime of extortion is that the defendant knowingly took or obtained, or attempted to take or obtain, the personal property of another or from the presence of another, or attempted to do so. The term "property" includes money, as well as tangible and intangible things of value.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-4 (1999).

**Second Element – Consent Compelled**

As the second element of the crime of extortion, the Government must show, beyond a reasonable doubt, that the property was obtained or taken with the person's consent, but that the consent was compelled by the wrongful use of force, violence or fear of injury or economic harm, either immediately or in the future.

It is not necessary that force, violence and fear were all used or threatened. It is enough if any of them were used or threatened.

Now let me turn for a moment to the concept of threat. Threats need not be direct. They may be veiled threats made by suggestion, implication or inference, though such inference on the part of the person extorted must be reasonable. Whether an implied or veiled reference amounts to a threat is a matter for you to decide under all the circumstances.

In considering whether force, violence, or fear was used or threatened, you should give those words their common and ordinary meaning, and understand them as you normally would in conversation. The violence or threatened violence does not have

41

to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person, or at causing economic, rather than physical harm.  A threat may be made verbally or by a physical gesture, or, as I explained earlier, a threat may be veiled or implied.  Whether a statement or physical gesture actually was a threat depends on all of the circumstances.

Fear exists if at least one victim experiences anxiety, concern or worry over expected personal harm, or loss, or financial security.  The existence of fear must be determined by the facts that existed at or around the time property was taken.

Your decision whether fear or injury has been used or threatened involves a decision about the victim's state of mind at or around the time the property is taken.  It is obviously impossible to ascertain or prove directly what a person actually felt.  You cannot look into a person's mind to see what his state of mind actually was, but a careful consideration of the circumstances and the evidence should enable you to decide whether fear reasonably would have been the person's state of mind.

Fear of physical or economic injury or personal harm may be found to be reasonable if, considering the demand for money, the person who would have made the demand, and the nature of the conduct, a reasonable person would get the message clearly.  There need not be an explicit demand for money; the demand may have been implicit in the defendant's conduct or other statements.

Looking at the situation and the actions of people involved may help you determine what their state of mind was.  You can consider this kind of evidence -- which is technically called "circumstantial evidence" -- in deciding whether property was obtained or sought through the use or threat of fear.

42

You have also heard the testimony of witnesses describing their state of mind –- that is, how they felt –- at or around the time they were asked to give up their property.  You should consider that testimony in deciding whether the property was obtained or sought through the use of fear.

It is not necessary that the fear be a consequence of a direct threat.  It is sufficient that the surrounding circumstances render the person's fear reasonable.  You must find that a reasonable person would have been fearful in the circumstances.

If you decide that force or violence was used or threatened to obtain the property, then that is wrongful.  You do not have to consider whether the person who took or tried to take the property believed that it was rightfully his or hers.  Using force or violence or threats of force or violence to obtain property is wrongful.

> Adapted from the Court's charge in United States v. Xiang Chen, 02 Cr. 300 (LAK) (Kaplan, J.), Tr. at 449; condensed and modified from charge of the Honorable Morris E. Lasker in United States v. Daley, 76 Cr. 708 (MEL), aff'd, 435 U.S. 933 (1978); from the charge of Judge Charles S. Haight in United States v. Zappola and Melli, SS 79 Cr. 142 (CSH) (S.D.N.Y., Oct. 20, 1981) (Tr. 1650-55, 1649), and from Sand et al. Modern Federal Jury Instructions, Criminal, Instr 50-13.

### Third Element – Interstate or Foreign Commerce

The third element of the crime of extortion is that the taking affected or potentially affected interstate or foreign commerce, in some way, even if the effect would have been slight or minimal.  In this connection, I instruct you that the statutory language specifically forbids extortion that "in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce."  Such an

extortion need only affect interstate or foreign commerce in some way or degree, even if the effect is minimal.

> Adapted from the charge of the Hon. John E. Sprizzo in United States v. Farrish, 95 Cr. 750 (JES) (Mar. 7, 1996), aff'd, 122 F.3d 146 (2d Cir. 1997), and from Sand, Modern Federal Jury Instructions, Instr. 50-8.  See Stirone v. United States, 361 U.S. 212 (1960) (in enacting Hobbs Act, Congress intended to "use all the constitutional power [it] has to punish interference with interstate commerce"); United States v. Farrish, 122 F.3d 146 (2d Cir. 1997) (effect or potential effect on interstate commerce need only be very slight or minimal.  See also Jund v. Town of Hempstead, 941 F.2d 1271, 1285 (2d Cir. 1991); United States v. Scacchetti, 668 F.2d 643, 647 (2d Cir. 1982); United States v. Calder, 641 F.2d 76, 78 (2d Cir. 1981); United States v. Augello, 451 F.2d 1167, 1170 (2d Cir. 1971); United States v. Tropiano, 418 F.2d 1069, 1076 (2d Cir. 1969).

### Extortion Conspiracy

I have previously instructed you on the elements of conspiracy under federal law and you should apply those instructions here.  I remind you that the crime of conspiracy — or agreement — to commit extortion is an independent offense.  It is separate and distinct from the actual "substantive crime" of extortion.    You may find the defendant guilty of the crime of conspiracy to commit extortion even if you find that the substantive extortion which was the object of the charged conspiracy was never actually committed.

## REQUEST NO. 26

### Count One:  Racketeering Conspiracy

### Predicate Offense #10: Gambling

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving gambling, in violation of New York state law and federal law.

### Illegal Gambling Under New York Law

New York Penal Law Section 225.05 provides that "a person is guilty of promoting gambling in the second degree when he knowingly advances or profits from unlawful gambling activity."

The elements of this crime are:

First, that the defendant advanced or profited from unlawful gambling activity;

Second, that the defendant knowingly advanced or profited from unlawful gambling activity;

Under New York Penal Law 225.00, gambling occurs "when [a person] stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he will receive something of value in the event of a certain outcome."

A "contest of chance" is any contest, game, gaming scheme, or gaming device in which the outcome depends in a material degree on chance, even if the skill of the player is also a factor in the outcome. "Something of value" means money or property, something exchangeable for money or property, or a credit good for money,

45

property, or the extension of a service, entertainment, or privilege of playing a game.

New York Penal § 225.05 covers two types of behavior.

The first type of prohibited behavior is advancing gambling activity.  A person "advances" gambling activity when, acting other than as a player, he engages in conduct which materially aids any form of gambling activity.  Such conduct includes but is not limited to conduct directed toward the creation or establishment of the particular game, contest, scheme, device, or activity involved, toward the acquisition or maintenance of premises, paraphernalia, equipment, or apparatus therefor, toward the solicitation or inducement of persons to participate therein, toward the actual conduct of the playing phases thereof, toward the arrangement of any of its financial or recording phases, or toward any other phase of its operation.

The second type of prohibited behavior is profiting from gambling activity.  A person "profits from" gambling activity when other than as a player, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of gambling activity.

See N.Y. Penal Law §§ 225.00, 225.05; New York Model
Criminal Jury Charges

**Illegal Gambling Under Federal Law**

Title 18, United States Code, Section 1955 defines an illegal gambling business as a gambling business which:

(i)     is a violation of the law of a State . . . in which it is conducted;

(ii)    involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and

(iii)   has been or remains in substantially continuous operation for a period in excess of thirty days.

The statute then provides that "[w]hoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business" shall be guilty of a crime.

The elements of the crime are:

First, that the gambling business charged in the Indictment violated the laws of the state of New York;

Second, that the gambling business was in substantially continuous operation for a period in excess of thirty days; and

Third, that five or more persons, including the defendant, knowingly conducted, financed, managed, supervised, directed, or owned the gambling business.

With respect to the second element, the government is not required to prove that the gambling business operated on an everyday basis throughout the entire period.  Instead, the government must prove that over some period in excess of thirty days, the gambling business was conducted with sufficient regularity that it existed as an ongoing business rather than as a casual non-business activity.

47

With respect to the third element, to conduct a gambling business means to perform any act, function or duty which is necessary or helpful in the regular operation of the business.  You may find that a person conducted the gambling business even though he was a low-level employee having no part  in the management of control of the business and no share in the profits.

Five or more people, including the defendant, must have participated during the period you found that the gambling business was in substantially continuous operation.  The government does not have to prove that all five were engaged at any particular time in conducting the business, as long as it proves that all five participated in the business during the period you identified.

The government does not have to prove that the defendant knew that the gambling business was illegal.

Sand, <u>Model Federal Jury Instructions</u>, 39.

48

## REQUEST NO. 27

### Count One:  Racketeering Conspiracy

### Predicate Offense #11: Extension and Collection of Extortionate Credit (Federal Law)

The defendant, EDMUND BOYLE, is also charged in Count One with racketeering activity involving making extortionate extensions of credit and using extortionate means to collect and attempt to collect extensions of credit from debtors, in violation of federal law.

Title 18, United States Code, Section 892, provides that "whoever makes any extortionate extension of credit, or conspires to do so," shall be guilty of a crime.

The crime of making extortionate extension of credit has two elements:

<u>First</u>, that the defendant knowingly made an extension of credit; and

<u>Second</u>, that there was an understanding between the defendant and the borrower, express or implied, tacit or otherwise, that if the borrower delayed in making his representations or if there was a total failure to repay, violence or other criminal means would be used to force payment.

Whereas Title 18, United States Code, Section 892 applies to extension of extortionate loans, Title 18, United States Code, Section 894 applies to collection of such loans. Section 894 provides that "[w]hoever knowingly participates in any way, or conspires to do so, in the use of any extortionate means [] to collect or attempt to collect any extension of credit, or [] to punish any person for the repayment thereof," shall be guilty of a crime.

The crime of extortionate collection of extensions of credit has three

elements:

      <u>First</u>, that the defendant collected or attempted to collect an extension of credit.  I have already defined the term attempt and you must use that same definition here.

      <u>Second</u>, that extortionate means were used to do so.

      <u>Third</u>, that the defendant participated knowingly willfully, and unlawfully in the use of extortionate means.

      An "extension of credit" is a loan.  It makes no difference whether the debt in question is valid or acknowledged, or how it may have arisen.  To collect an extension of credit means to induce a person in any way to make repayment of the extended credit.

      "Extortionate means" are any means that involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.  The creditor's actions need not actually frighten the debtor.  You need only find that the creditor intentionally took actions which reasonably would induce fear in an ordinary person.  This element, then, is directed at the conduct of the creditor and not at the state of mind of the victim.

      <u>Sand</u>, Instruction 32; Adapted from the charge of Judge
      Robert P.    Patterson in <u>United States v. Perrone</u>, 05 Cr.
      774 (RPP).

**REQUEST NO. 28**

**Count Two: Murder in Aid of Racketeering Activity**

**The Indictment and the Statute**

Count Two charges the defendant, EDMUND BOYLE, with murder in aid of

racketeering, in violation of Title 18, United States Code, Section 1959.  That statute

provides in pertinent part:

> Whoever, as consideration for the receipt of, or as consideration for a
> promise or agreement to pay, anything of pecuniary value from an
> enterprise engaged in racketeering activity, or for the purpose of gaining
> entrance to or maintaining or increasing position in an enterprise engaged
> in racketeering activity, murders, kidnaps, maims, assaults with a
> dangerous weapon, commits assault resulting in serious bodily injury
> upon, or threatens to commit a crime of violence against any individual in
> violation of the laws of any State or the United States or attempts or
> conspires so to do, [is guilty of a crime].

Let me briefly summarize Count Two.  Count Two charges that EDMUND

BOYLE murdered and aided and abetted the murder of Frank Hydell for the purpose of

gaining entrance to and maintaining and increasing his position in the Gambino

Organized Crime Family of La Cosa Nostra, which is alleged to be an "enterprise" that

was engaged in "racketeering activity," or for a promise of payment from the enterprise.

Adapted from charge of the Honorable Michael B.
Mukasey in United States v. Joseph Brideson et al., S6 00
Cr. 1118 (MBM).

51

**REQUEST NO. 29**

**Count Two: Murder in Aid of Racketeering Activity**

**The Elements**

In order to meet its burden of proof that the defendant is guilty of the crime charged in Count Two, the Government must establish beyond a reasonable doubt each of the following elements:

First: That on or about April 28, 1998 EDMUND BOYLE murdered or aided and abetted others in the murder of Frank Hydell.

Second:  That there existed an organization as described in the indictment, namely the Gambino Organized Crime Family, and that the organization was an enterprise engaged in, and the activities of which affected, interstate or foreign commerce; and

Third:  That the defendant committed the crime alleged for the purpose of gaining entrance to, increasing his position in, or maintaining his position in the enterprise, or for consideration for a promise and an agreement to pay from the enterprise anything of pecuniary or financial value.

Adapted from charge of the Honorable Michael B. Mukasey in
United States v. Joseph Brideson et al., S6 00 Cr. 1118
(MBM)

**REQUEST NO. 30**

**Count Two: Murder in Aid of Racketeering Activity**

**First Element – The Crime**

The first element that the Government must prove beyond a reasonable doubt is that, on or about April 28, 1998, the defendant, EDMUND BOYLE, committed the crime alleged, that is, the murder of Frank Hydell.

I shall again instruct you on the law of murder.  Section 125.25 of the Penal Law of the State of New York makes it a crime to murder another individual.  It is the instructions relating to this State offense that you must follow in considering the murder charge in Count One.

Under New York State Penal Law,

"A person is guilty of murder . . . when:

1.      With intent to cause the death of another person, he causes the death of such person or of a third person."

The crime of murder under New York state law has the following two elements.

Second, that the defendant intended to cause the death of another person.

Second, that the defendant did in fact cause the death, or aided and abetted another to cause the death of that person or a third person.

Under the murder statute, a person intends to cause the death of another person when his conscious aim or objective is to cause the death of that person.

## REQUEST NO. 31

### Count Two: Murder in Aid of Racketeering Activity

### Second Element – Existence of a Racketeering Enterprise

_____The second element the Government must prove beyond a reasonable doubt is that at the time the alleged murder took place, there existed an enterprise engaged in racketeering activity as defined in Sections 1959(b)(1) and (2) of Title 18 of the United States Code.

The element has three parts:  (i) the existence of the enterprise or group; (ii) the enterprise's effect on interstate commerce; and (iii) the enterprise's engagement in acts of racketeering.

I have already discussed the first two requirements in connection with Count One and you should apply those instructions here, as well.  The Government must also establish beyond a reasonable doubt that the enterprise was engaged in racketeering activity.  Racketeering activity includes such offenses as murder, conspiracy to murder, interstate transportation of stolen property, extortion and illegal gambling.  It is for you to determine whether the enterprise engaged in these activities as charged.  I have already given you instructions on these crimes.  You may apply those instructions here as well to determine whether the enterprise was engaged in racketeering activity.

Adapted from charge of the Honorable Michael B. Mukasey in United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

54

**REQUEST NO. 32**

**Counts Two: Murder in Aid of Racketeering Activity**
**Third Element – Gaining Entrance To, Maintaining, or Increasing Position in the**
**Enterprise**

The last element that the Government must prove with respect to Count Two is that the defendant acted for the purpose of gaining entrance to, maintaining a position in, or increasing a position in that enterprise, or in consideration for a promise and an agreement to pay from the enterprise anything of pecuniary or financial value.

To establish that a defendant committed the crime alleged for the purpose of "gaining entrance to" or "maintaining" or "increasing" his position in the enterprise, the Government must prove that the defendant's general purpose in committing the crime in question was to gain entrance to, increase his position in, or maintain his position in the enterprise. Self-promotion need not have been the defendant's only, or even his primary concern, if the crime was committed as an integral aspect of membership in the enterprise. It is not necessary that the defendant be a formal member of the enterprise. The motive requirement is satisfied if the defendant committed the crime because it would allow him to gain entrance to the enterprise, because he knew it was expected of him by reason of his association with the enterprise, or because it would enhance his position or his prestige within the enterprise. These examples are by way of illustration and are not exhaustive.

Alternatively, to establish that a defendant committed the crime alleged in consideration for a promise and an agreement to pay anything of pecuniary or financial value from the enterprise, the Government must prove that the defendant acted in consideration for receipt of, or the promise of, anything of pecuniary value, such as a cash

payment, for example.  The words "promise or agreement to pay [something] of

pecuniary value from [the] enterprise" should be given their ordinary meaning, that is, the

defendant believed that he would receive something valuable from the enterprise for

committing the crime of violence.


        Adapted from charge of the Honorable Michael B.
        Mukasey in <u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00
        Cr. 1118 (MBM).

## REQUEST NO. 33

### Count Three: Witness Tampering

Count Three charges the defendant, EDMUND BOYLE, with the crime of witness tampering with respect to the murder of Frank Hydell.

I shall now instruct you with respect to the crime of witness tampering. Section 1512(a)(1)(A) and (C) of Title 18 of the United States Code provides, in relevant part:

> Whoever kills or attempts to kill another person, with intent to-
> (A) prevent the attendance or testimony of any person in any official proceeding; or
> .  .  .  .
> (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . .

[shall be guilty of a crime].

Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 46-28.

**REQUEST NO. 34**

**Count Three: Witness Tampering**

**Purpose of Statute**

The federal witness tampering statute is designed to protect persons who are victims of federal crimes, persons who may be called to testify or give evidence in a federal proceeding . . . and persons who have information about federal crimes. The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses. If persons with information do not come forward, produce evidence and appear when summoned the criminal justice system will be significantly impaired. This statute was designed to make it unlawful for anyone to tamper with such a witness in the manner described in the statute.

Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 46-29.

**REQUEST NO. 35**

**Count Three: Witness Tampering**

**Elements**

In order to prove EDMUND BOYLE guilty of witness tampering, the

Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 28, 1998, EDMUND BOYLE killed or aided

and abetted others in the killing of Frank Hydell.

Second, that the defendant did so knowingly and with intent to: (a) prevent

the attendance or testimony of Frank Hydell in an official proceeding; or (b) prevent

Frank Hydell from communicating to a law enforcement officer or a judge of the United

States information relating to the commission or possible commission of a Federal

offense.

Adapted from Sand, Modern Federal Jury Instructions,   Instr. 46-30.  See United
States v. Romero, 54 F.3d 56 (2d Cir. 1995) (discussing intent requirement).

**REQUEST NO. 36**
**Count Three: Witness Tampering**
**First and Second Elements**

The first element the Government must prove beyond a reasonable doubt is that EDMUND BOYLE killed or aided and abetted others in the killing of Frank Hydell.  I have already explained the elements of the crime of murder.  You should apply those same instructions in considering this Count.

The second element that the Government must prove beyond a reasonable doubt is that EDMUND BOYLE acted knowingly and with the specific intent to prevent the attendance or testimony of Frank Hydell in an official proceeding, or to prevent Frank Hydell from communicating with a law enforcement officer or judge of the United States information relating to the commission or possible commission of a Federal offense.

An act is done knowingly if it is done voluntarily and purposely, and not by accident or mistake.

By specific intent, I mean that the defendant must have acted knowingly and with the unlawful intent to prevent Frank Hydell from attending or testifying at an official proceeding, or communicating information relating to criminal activity to a law enforcement officer or judge.

In order for the Government to satisfy this element, it is not necessary for the Government to prove that the defendant knew he was breaking any particular criminal law.  Nor need the Government prove that the defendant knew that the official proceeding was before a United States judge.

Sand, Modern Federal Jury Instructions, Instr. 46-32 (citing 18 U.S.C. § 1512(e); United States v. Gonzalez, 922 F.2d 1044 (2d Cir. 1991)).

**REQUEST NO. 37**

**Count Three: Witness Tampering**

**Victim**

In order for EDMUND BOYLE  to be guilty of this crime, the victim need not have agreed to cooperate with any federal authority or even to have evinced an intention or desire to so cooperate. It is only necessary that BOYLE believed that a witness might testify in court or give information to federal officials regarding a federal offense and to have prevented that testimony or communication.  Similarly, it is immaterial whether in fact at the time of the killing there was a federal investigation underway or about to be initiated or a judicial proceeding pending or about to be initiated. So long as the defendant believed that a person might furnish information to federal officials or testify in court and that he killed, or aided and abetted the killing of, a person in order to prevent such disclosure, the defendant has tampered with a witness.

> Adapted from United States v. Romero, 54 F.3d 56, 61-62 (2d Cir. 1995); United States v. Gonzalez, 922 F.2d 1044, 1055-56 (2d Cir.), cert. denied, 502 U.S. 1014 (1991); United States v. Edwards, 36 F.3d 639, 645 (7th Cir. 1994); United States v. Leisure, 844 F.2d 1347, 1364 (8th Cir. 1988).

**REQUEST NO. 38**

**Counts Two and Three: Aiding and Abetting Liability**

Counts Two and Three are also brought under an aiding and abetting theory of liability.

Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not himself committing the crime,  assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  In other words, with respect to Count Two and Count Three of the Indictment, it is not necessary for the Government to show that the defendant physically committed a crime in order for you to find the defendant guilty.  If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find the defendant guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he or she personally had committed it.  You may find the defendant guilty of the substantive crime, therefore, if you find beyond a reasonable doubt that the Government has proven that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a

crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself or herself in some way with the crime, and that the defendant willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done – that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided and abetted the commission of the crime with which the defendant is charged, ask yourself these questions:

–   Did the defendant participate in the crime charged as something he wished to bring about?

–   Did the defendant associate himself with the criminal venture knowingly and willfully?

–   Did the defendant seek by his actions to make the criminal venture succeed?

If so, then the defendant is an aider and abettor, and therefore guilty of the

offense.  If not, then the defendant is not an aider and abettor, and is not guilty of the

offense.

> Adapted from the charge of Judge Robert L. Carter in
> United States v. Nosov, S3 00 Cr. 314 (RLC); the charge of
> Judge Lawrence M. McKenna in United States v. Westley
> Paloscio, 99 Cr. 1199 (LMM); Sand, Modern Federal Jury
> Instructions, Instrs. 11-1, 11-2, and from the charge
> approved in United States v. Stanchich, 550 F.2d 1294 (2d
> Cir. 1977).  See 18 U.S.C. § 2; see also United States v.
> Zichettello, 208 F.3d at 109 (discussing requirements of
> aiding and abetting liability); United States v. Labat, 905
> F.2d 18, 23 (2d Cir. 1990) (same).

**REQUEST NO. 39**

**Venue**

In addition to all the elements I have described for you with respect to each separate count in the Indictment, you must also decide, separately for each count, whether any act in furtherance of the charged offense occurred within the Southern District of New York.

The Southern District of New York encompasses the following counties: New York (or Manhattan), the Bronx, Westchester, Sullivan, Orange, Rockland, Putnam, and Duchess, all of the waters that surround Manhattan, Brooklyn, Staten Island, and Long Island, the air above those waters, and the bridges over those waters.  In this regard, the Government need not prove that any crime was committed in this District or that the defendant was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this District.  For example, if an accomplice, in carrying out a crime, crossed a bridge between, say, Brooklyn and Staten Island, that would satisfy venue.

Further, if you find that the crime charged is committed in more than one district, venue is proper in any district in which the crime was begun, continued, or completed.  Thus, venue will lie in this district, the Southern District of New York, if you find that any part of the crime took place here, whether or not the defendant himself was even in this district.  I further instruct you that any action in the Southern District of New York, or any communication into or out of the Southern District of New York, can establish venue so long as the action furthers the conspiracy charged.

I also instruct you with respect to Count One that the Government need not

65

prove that each separate underlying predicate offense or racketeering act occurred in the

Southern District of New York.  Rather, it is sufficient for the government to prove for

purposes of Count One that any act in furtherance of the charged racketeering enterprise

occurred in the Southern District of New York.

            With respect to all three Counts, I should note that on this issue of venue

— and this alone — the Government need not prove venue beyond a reasonable doubt,

but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its

venue obligations if you conclude that it is more likely than not that an act in furtherance

of the offense was committed in this District.

            If you find that the Government has failed to prove the venue requirement,

then you must acquit the defendant.

> Adapted from the charge of the Hon. Charles S. Haight, Jr.,
> in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y.
> 1991), from the charge of the Hon. Jed S. Rakoff in United
> States v. Giovanelli, 01 Cr. 749 (JSR) (S.D.N.Y. 2004)
> (venue includes waters around Manhattan and bridges over
> them); Sand, Modern Federal Jury Instructions, Instr. 3-11.
> See 18 U.S.C. § 3237 (general venue provision for offenses
> beginning in one district and ending in another, including
> mail fraud); United States v. Gonzalez, 922 F.2d 1044,
> 1054-55 (2d Cir. 1991) (venue is governed by
> preponderance standard).

## REQUEST NO. 40

### Time of Offense

Count One of the Indictment states that the conspiracy began in or about the early 1990s and continued thereafter up to and including the date of the Indictment, which was December 15, 2008. Counts Two and Three of the Indictment state that the killing of Frank Hydell occurred on or about April 28, 1988.  It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charges of the Honorable John G. Koeltl
> in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK)
> (S.D.N.Y. 1995), and the Honorable Harold Baer in United
> States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

_____**REQUEST NO. 41**

**Cooperating Witness Testimony**

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful

68

testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and various cooperating witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

69

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote).

> See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**REQUEST NO. 42**

**Defendant's Right Not to Testify**

**[If Applicable]**

The defendant, EDMUND BOYLE, did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>et al.</u>, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-21.

71

**REQUEST NO. 43**

**Law Enforcement and Government Employee Witnesses**

You have heard the testimony of law enforcement agents and of employees of the Government.  The fact that a witness may be employed by a federal, state, or city Government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement agent or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).

**REQUEST NO. 44**

**Expert Testimony**

You have heard what is called expert testimony from several witnesses:

[*names of expert witnesses to be inserted*].

An expert is allowed to express his opinion on those matters about which he has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness's testimony merely because he is an expert.  Nor should you substitute his testimony for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

**REQUEST NO. 45**

**Limiting Instruction -- Prior Convictions**

You also have heard evidence that the defendant, EDMUND BOYLE, has been convicted of certain prior crimes.  You may consider these prior convictions in determining whether the Government has proven the existence of the charged racketeering enterprise and the charged criminal conspiracy.  I instruct you that you may not, however, use evidence of these prior convictions to conclude that the defendant has some inherent character for criminality or criminal propensity.

I also instruct you that the defendant's prior convictions do not bar the prosecution in this case, or any aspect of the prosecution in this case.  The Indictment in this case stands on its own, and you are to evaluate the evidence as it has been presented to you during this trial.

Adapted from Sand, <u>Modern Federal</u> <u>Jury Instructions</u>, Instr. 5-25.

74

**REQUEST NO. 46**

**Prior Trials**

**[If Applicable]**

You have heard during the course of this trial that the defendant,

EDMUND BOYLE, has been on trial in prior instances.  I instruct you that the case here

raises different charges than in prior trials, and that the charges here are properly brought

in this Court and are properly brought to trial before you.  You are instructed not to

consider or speculate about the outcome of the prior trials.  You are not to consider the

fact that the defendant has been tried on previous occasions in any way during your

deliberations.

## REQUEST NO. 47

### Use of Recordings

Audio recordings, video recordings, and photographs have been admitted into evidence.  Whether you approve or disapprove of the recording of those conversations or images may not enter your deliberations.  I instruct you that the recordings and photographs were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What weight you give these recordings, if any, is completely within your discretion.

Adapted from charge of the Honorable Michael B. Mukasey in United States v. Joseph Brideson et al., S6 00 Cr. 1118 (MBM).

**REQUEST NO. 48**

**Transcripts Not Evidence**

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the tapes.  It is for you to decide whether the transcripts correctly present the conversations recorded on the tapes that you heard.

> Adapted from charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Joseph Brideson et al.</u>, S6 00 Cr. 1118 (MBM).

----------------------------------------

## REQUEST NO. 49

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Honorable Henry F. Werker
in <u>United States</u> v. <u>Barnes</u>,  S 77 Cr. 190 (S.D.N.Y. 1977),
<u>aff'd</u>, 604 F.2d 121, 147 (2d Cir. 1979).

_____**REQUEST NO. 50**

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

## REQUEST NO. 51

### Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable  Robert L. Carter
in United States v. Nosov, S3 00 Cr. 314 (RLC); the charge
of the Honorable John F. Keenan in United States v.
Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992), and the charge
of the Honorable Pierre N. Leval in United States v.
Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 52

### Stipulations

In this case, you have heard evidence in the form of stipulations.  A stipulation is an agreement among the parties that certain facts are true.  You must accept the facts in those stipulations as true.

## REQUEST NO. 53

### Sympathy: Oath As Jurors

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from 1 Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in <u>United</u> <u>States</u> v. <u>Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965), <u>cert</u>. <u>denied</u>, 384 U.S. 953 (1966).

## REQUEST NO. 54

### Punishment Not to be Considered by the Jury

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether each defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934.

## REQUEST NO. 55

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, EDMUND BOYLE, with respect to the each count in the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans.  You are judges — judges of the facts —  not representatives of a constituency or cause.  Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

Remember that your verdict must be rendered based solely on the evidence, without fear, without favor, and without prejudice or sympathy.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Dated:      New York, New York
          January 15, 2010

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     \_\_\_\_\_/s/_____
        Jonathan B. New
        John T. Zach
        Assistant United States Attorneys
        (212) 637-1049 / 2410

<u>CERTIFICATE OF SERVICE</u>

JONATHAN B. NEW deposes and says that he is employed in the Office of the

United States Attorney for the Southern District of New York, and that on January 14,

2010, he caused a copy of the foregoing Government's Opposition to Defendant's Motion

to Exclude the Expert Testimony of John Carillo to be served by ECF and e-mail on the

following:

> Diarmuid White, Esq.
> Diarnuid@whiwhi.com
>
> Martin Geduldig, Esq.
> Geduldig@optonline.net

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C.

Section 1746.


_____/s/_____
JONATHAN B. NEW

Executed on: January 15, 2010
                    New York, New York