**WHITE & WHITE**
ATTORNEYS AT LAW

DIARMUID WHITE
diarmuid@whiwhi.com

BRENDAN WHITE
brendan@whiwhi.com



148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

TEL: (212) 861-9850
FAX: (212) 861-9870

**MEMO ENDORSED**

February 8, 2010

BY HAND on February 9, 2010

2/9/2010 Application denied.
CM

Hon. Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: United States v. Edmund Boyle, 08 CR 523 (S-1)(CM)

Dear Judge McMahon:

This is to request that the jury be given a supplemental instruction with respect to racketeering activity related to the VIP Club, namely, that the conduct described by witness Steve Aslan concerning computers may not be considered by the jury as a separate act of racketeering activity involving extortion.

By letter dated October 9, 2009 (the "Enterprise Letter"), the Government advised the Court and the defendant of crimes in furtherance of the charged racketeering enterprise which were not specifically set forth in the indictment. As pertinent to the VIP Club, the Government advised:

> During the 1990s and early 2000s the Gambino Family controlled numerous strip clubs in New York City, including the VIP Club, which was under the control of Gambino Soldiers Salvatore Scala and Thomas Sassano. Thomas "Huck" Carbonaro used the Gambino Family's control of the VIP Club to get Edmund Boyle a paid, no-show job as a club employee, and, later, as "co-

>manager." In both capacities, Boyle was put on the payroll, yet did no work. The management of the VIP Club was compelled to hire Boyle, and keep Boyle on as an employee, despite the fact that he did no work out of fear of reprisal from the Gambino Family. (Gov. 10/9/09 Ltr. at 3.)

The Government's letter also advised that "[t]o the extent that the Government learns before or during trial of additional acts or crimes, the Government will provide prompt notice to the Court and defense counsel." (Gov. 10/9/09 Ltr. at 1.)

Although the Government filed two further submissions supplementing its Enterprise Letter, it proffered nothing further concerning the VIP Club.

Consequently, the defendant prepared to meet the VIP Club allegations by demonstrating that defendant Boyle did not have a "no-show" job, but was on the job at the VIP Club for every day he received pay and performed work as a bouncer or "security" person.

Steve Aslan was the Government's last witness in its case-in-chief, except for paralegal Elizabeth Buner, who gave only summary testimony. Aslan testified in support of the above-noticed theory pertaining to the employment of Boyle. Near the end of his direct testimony, Aslan recounted the following incident:

After the club was sold in late August or early September of 2002, Aslan was in the process of liquidating assets left in his office. (T 1372) A friend suggested to Aslan that he sell the computers in his office, but John Giangrande--who Aslan described as the "co-general manager" of the club (T 1395)--said that "we couldn't sell the computers." (T 1371) But Aslan thought "well, I bought them, my company bought them, I'm going to get rid of them, because I'm no longer employed and would like to make some money." (T 1371) According to Aslan, "[s]hortly thereafter, Mr. Boyle and my head bartender came into the office" and Boyle "reiterated that the computers were not to be sold, they are not to leave the office." (T 1371) Ivan Steers, who was Aslan's friend who had gotten the computers disagreed, and "a dispute arose between Mr. Boyle

and Ivan." (T 1371) "Mr. Boyle got pretty incensed and, one point to make his point [sic], he grabbed the printer and smashed it on the floor, and then left." (T 1371) The computers thereafter stayed. (T 1372)

In the Government's closing argument, no mention was made of this incident. Defense counsel, however, out of concern with the tenor of the incident, recounted the above testimony in his closing argument and added: "I'm not sure if the government is alleging that is part of an extortion or an assault on the printer, I don't know what it is. But I just wanted to say that the testimony is just not clear onto [sic] what the dispute was about, and whether Mr. Boyle was acting out of frustration because he had been put in the middle of something, or what." (T 1741)

In its rebuttal summation, the Government, recounting a portion of the testimony--albeit omitting mention of either Giangrande or Steers--argued for the first time that "the smashed computers are I think a very clear example of how extortion works." (T 1768)

Thereafter, in conjunction with the verdict sheet, the Government proposed that it reflect the concept that an act of racketeering committed on more than one occasion constitutes more than one racketeering act, a concept which defense counsel agreed is a correct statement of law, and the verdict sheet now reflects that concept in the language "Found Committed More Than Once."

In a note from the jury today, it asked whether participating in loansharking on more than one occasion in the same location constitutes "Found Committed More Than Once." (Court Exhibit 7.)

The foregoing raises the prospect that the jury could find as two separate acts of extortion defendant Boyle's employment at the VIP Club and the incident involving his throwing the computer printer to the floor. Since the defendant, however, was not provided adequate notice of the latter asserted extortionate conduct, he has been prejudiced by the Government's eleventh hour introduction of that evidence and its even later portrayal of that incident as "a very clear example of how extortion works." For example, the defendant was not afforded any adequate

opportunity to investigate this incident and perhaps call Mr. Steers, the head bartender or Mr. Giangrande as a witness concerning it. Therefore, in keeping with the requirements of due process, the jury should not be permitted to use that incident as a basis for its verdict on the alleged RICO conspiracy.

                    Very truly yours,

                    *[signature]*
                    Diarmuid White
                    Martin Geduldig

                    Attorneys for Edmund Boyle

cc: Jonathan New, John Zach, AUSAs (by email on 2/8/10)